[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2009
THOMAS K. KAHN
CLERK

No. 08-10699
Non-Argument Calendar

_____

D. C. Docket No. 07-00334-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GALINDO-PEREZ,

Defendant-Appellant.

_____

No. 08-11514
Non-Argument Calendar

_____

D. C. Docket No. 07-00334-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAGOBERTO SARRIAS-BOYA,

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 3, 2009)**

Before EDMONDSON, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, David Galindo-Perez and Dagoberto Sarrias-Boya appeal their 135-month sentences for drug trafficking offenses, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B). No reversible error has been shown; we affirm.

On appeal, both Defendants argue that the district court erred in denying them minor role reductions because they were mere crew members on the drug smuggling boat (which was carrying 720 kilograms of cocaine), had no ownership interest in the drugs, and were not organizers of or participants in the larger drug conspiracy. We review for clear error the district court's determination about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant

2

warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." Id.

In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant." Id. The first element is the more important and, in many cases, will be dispositive. See id. at 945.

The district court committed no clear error in denying Defendants minor role reductions. About the first element, both Defendants' sentences were based only on the relevant conduct for which they were held accountable at sentencing: the

3

720 kilograms of cocaine seized from the boat on which they were found. Id. at 942-43 ("when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs"). Defendants cannot meet their burdens of showing their entitlement to minor role reductions based on their roles in the larger drug conspiracy. Id. at 944. Also, in the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role reduction. Id. at 943 ("the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct"). About the second element, the district court was not permitted to evaluate Defendants' roles as compared to that of unidentified coconspirators. Id. at 944. We see no error in the district court's conclusion that Defendants failed to meet their burdens in showing that they were less culpable than the other two crew members aboard the drug smuggling boat.

Galindo-Perez also argues that his sentence procedurally is unreasonable because the district court calculated incorrectly the guidelines and failed to consider the 18 U.S.C. § 3553(a) factors that Galindo-Perez referenced at his sentencing hearing. When reviewing a sentence, we must ensure that no procedural error occurred, such as the district court improperly calculating the

4

guidelines, basing a sentence on clearly erroneous facts, failing to consider the section 3553(a) factors, or failing to explain a variation from the guidelines. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008). The district court must adequately explain the reasons for the sentence imposed so that we can conduct meaningful appellate review, but this does not require the district court to discuss each of the section 3553(a) factors. Id. at 1090.

We conclude that the district court committed no procedural error. As we already noted, Galindo-Perez was unentitled to a minor role reduction and, thus, the district court correctly calculated the guidelines. And the district court considered Galindo-Perez's request for a below-guidelines sentence and both his and the government's arguments about the section 3553(a) factors; but the court determined that an in-range guideline sentence was appropriate based, in part, on the seriousness of Galindo-Perez's offense. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

AFFIRMED.